# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

No. 19-20014
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
September 5, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff-Appellee

v.

ROMAN PINEDA PINEDA, also known as Hippie,

Defendant-Appellant

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:18-CR-143-4

Before WIENER, HAYNES, and COSTA, Circuit Judges

PER CURIAM:*

Roman Pineda Pineda was sentenced to 120 months of imprisonment following his convictions for conspiracy to possess with intent to distribute 500 grams or more of methamphetamine and for possession with intent to distribute 500 grams or more of methamphetamine. On appeal, Pineda Pineda contends that the district court erred by finding that his offense involved the importation of methamphetamine, which resulted in a two-level enhancement

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-20014

pursuant to U.S.S.G. § 2D1.1(b)(5). We review the district court's factual determination that the offense involved the importation of methamphetamine for clear error. *See United States v. Serfass*, 684 F.3d 548, 550, 553—54 (5th Cir. 2012).

At sentencing, the Government presented testimony from an experienced federal agent that, in light of the large quantity and the high purity level of the methamphetamine in this case, the drugs had been imported from Mexico. The same agent also testified regarding intercepted telephone calls between a co-defendant and an unknown man in Mexico; during these calls, the men used code words consistent with methamphetamine trafficking and discussed an upcoming delivery that was consistent with Pineda Pineda's delivery of methamphetamine. Considering the record as a whole, we conclude that the district court did not clearly err in finding that the preponderance of the evidence showed that the methamphetamine in the instant case had been imported from Mexico. *See id*. Accordingly, the district court did not err by applying the § 2D1.1(b)(5) enhancement.

AFFIRMED.